IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA J. HUGHES, as the Personal Representative of the Estate of MICHAEL W. HUGHES, deceased, | ) ) ) ) |
| Plaintiff, | ) **DEMAND FOR JURY TRIAL** |
| vs. | ) CASE NO.: 1:07-cv-54-MEF ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the plaintiff, Linda J. Hughes (hereinafter "Plaintiff"), as the personal representative of the Estate of Michael W. Hughes, deceased (hereinafter "Decedent"), who demands a trial by struck jury for her claims against Ford Motor Company for the wrongful death of the decedent.

### STATEMENT OF JURISDICTION

1. This action is brought pursuant to 28 U.S.C. §1332 Diversity Jurisdiction. All plaintiffs and all defendants are diverse.

2. The amount in controversy exceeds $75,000, exclusive of interest and cost.

1

## PARTIES

3. The Plaintiff is an adult individual who resides in Houston County, Alabama.

4. The Decedent was an adult individual who resided in Houston County before and on the date of his death on January 22, 2005; the Decedent's death is the subject of this lawsuit.

5. The Plaintiff is the mother of the Decedent and is entitled to bring this action to recover damages for wrongful death as she is appointed the personal representative of the Decedent's Estate, having been so appointed by the Probate Court of Houston County.

6. Ford Motor Corporation (hereinafter "Ford") is a foreign corporation doing business in the state of Alabama.

7. The accident made the basis of this lawsuit occurred in Henry County, Alabama while plaintiff's decedent was operating his 1995 Ford F150 pickup ("subject vehicle").

## FACTS

8. The plaintiff adopts and incorporates by reference all allegations of paragraphs 1 through 7 as if they were fully set forth herein.

9. On January 22, 2005, plaintiff's decedent was traveling in his 1995 Ford F150 pickup truck, VIN 1FTEF14N5SLA09651, on County Road 63 in Henry County when he was caused to leave the roadway.

10. After leaving the roadway, the subject vehicle struck a culvert and drainage pipe and experienced a post collision fire.

11. The Decedent was trapped in the vehicle for a time and was burned over 95 percent of his body before escaping an otherwise survivable collision. The Decedent died later that day from the burn injuries received in the post collision fire.

12. The subject Ford vehicle was equipped with a defectively designed fuel system and was not crashworthy. This improperly and defectively designed system and lack of crashworthiness, of which Ford had specific knowledge, was the proximate cause of Plaintiff's Decedent's fatal injuries.

## COUNT ONE

### Negligence and Wantonness Claims Against Defendant Ford

13. The plaintiff adopts and incorporates by reference all allegations of paragraphs 1 through 12 as if they were fully set forth herein.

14. Defendant Ford is in the business of designing, manufacturing, marketing, distributing, and selling the subject Ford F150 pickup truck, VIN 1FTEF14N5SLA09651, made the basis of this lawsuit for profit.

15. Defendant Ford placed the subject vehicle in the stream of commerce.

16. Defendant Ford had a duty to foreseeable owners, operators, and/or users, including Decedent, of the subject vehicle's fuel system, to exercise the same degree of care, diligence, and skill in designing, testing, manufacturing, marketing, and selling the subject vehicle with its fuel system as other similar, reasonable entities would have exercised so that it would not fail in a foreseeable survivable collision.

17. Defendant Ford breached its duty by unreasonably, negligently and wantonly designing, testing, manufacturing, marketing, and selling the subject vehicle; specifically (1) the vehicle's fuel system failed and it was not crashworthy in the event of a foreseeable survivable collision.

18. Defendant Ford had a duty to foreseeable owners, operators, and users of the subject vehicle, including the Decedent, to adequately warn and/or instruct them about the hazards and dangers in using the subject vehicle with its defective fuel system and components and lack of

crashworthiness so that they could minimize any foreseeable injury-producing-effects from a collision.

19. At the time the subject vehicle left control of Defendant Ford and was placed in the stream of commerce, the absence of adequate warnings and instructions created an unreasonably dangerous condition and risk to foreseeable owners, operators, and/or users of the subject vehicle, including the Decedent, that Defendant Ford knew or should have known about in the exercise of ordinary care.

20. At the time the subject vehicle left the control of Defendant Ford, reasonable consumers and/or users would not use the subject Ford F150 truck with its defective fuel system and components if they had a full understanding of its propensity to fail in a foreseeable collision.

21. Defendant Ford unreasonably, negligently, and wantonly failed to adequately warn the foreseeable owners, operators, and/or users including the Decedent of the subject Ford Truck with its defective fuel system and components and the members of the general public about its defective components as stated above. In addition, the subject vehicle was not crashworthy.

22. All of the negligent and wanton conduct of Defendant Ford was the proximate cause of the Decedent's death.

23. The foregoing actions and inactions of Defendant Ford as set forth above were intentional, wanton, malicious, oppressive, and/or negligent.

24. Defendant Ford is liable for their actions described herein.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully demands the following relief against Defendant Ford:

(a) punitive damages as dictated by Ala. Code § 6-5-410 in an amount to be determined by a jury that will punish the wrongdoer and deter future similar wrongs,

(b) interest and court costs and

(c) other further relief as the Court may deem just and proper.

## COUNT TWO

### AEMLD Claims Against Defendant FORD

25. The Plaintiff adopts and incorporates by reference all allegations of paragraphs 1 through 24 as if they were fully set forth herein.

26. The subject vehicle was defective and unreasonably dangerous because (1) the vehicle's fuel system failed in the event of a foreseeable, survivable collision, and (2) the subject vehicle was not crashworthy.

27. The subject vehicle was defective and unreasonably dangerous because at the time it left control of Defendant Ford and was placed in the stream of commerce, it lacked adequate warnings informing the foreseeable

6

owners, operators, and/or users, including the Decedent, of the subject vehicle's defectively designed fuel system and component parts, its lack of crashworthiness and about the hazards and dangers in using the subject vehicle.

28. By selling the defective and unreasonably dangerous product, the subject vehicle, Defendant Ford is negligent as a matter of law and renders the defendant liable to the plaintiff under the Alabama Extended Manufacturer's Liability Doctrine.

29. The foregoing actions and inactions of Defendant Ford were the proximate cause of the Decedent's death.

30. The actions and inactions of Defendant Ford as set forth above were intentional, wanton, malicious, oppressive, and/or negligent.

31. Defendant Ford is liable for the tragic and untimely death of Michael Hughes.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully demands the following relief against Defendant Ford:

 (a) punitive damages as dictated by Ala. Code § 6-5-410 in an amount to be determined by a jury that will punish the wrongdoer and deter future similar wrongs,

 (b) interest and court costs and

 (c) other further relief as the Court may deem just and proper.

## COUNT THREE

### Breach of Express/Implied Warranties by Defendant Ford

32. The Plaintiff adopts and incorporates by reference all allegations of paragraphs 1 through 32 as if they were fully set-forth herein.

33. Defendant Ford knew that the subject 1995 Ford pickup was not merchantable nor was it reasonably suited for its intended purpose.

34. Defendant Ford breached the express and implied warranties of fitness for a particular purpose and of merchantability in that the subject vehicle's fuel system and components and its lack of crashworthiness posed an unreasonable risk of serious injury or death to the occupants of said vehicle. In addition, Ford failed to use economically and technologically feasible safety design alternatives with respect to the vehicle's fuel system and its components and to make the vehicle crashworthy.

35. As a result of said breaches, the Decedent was caused to suffer severe burn injuries.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully demands the following relief against Defendant Ford:

(a) an amount to be determined by the jury that will compensate for the physical and emotional pain and suffering of Michael W. Hughes from the time he was burned until his death pursuant to *Benefield v. Aquaslide 'N' Dive Corporation*, 406 So.2d 873 (Ala. 1981);

(b)   interest and court costs and;

(c)   other further relief as the Court may deem just and proper.

**<u>PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY</u>**

_____
D. Bruce Petway [PETWD8187]
Attorney for Plaintiff

OF COUNSEL:

Lucas, Petway, Tucker & Wash, P.C.
Two Chase Corporate Drive
Suite 460
Birmingham, AL  35224
(205) 733-1595

J. Stuart McAtee [MCATJ0868]
Lewis & McAtee, P.C.
205 20th Street North
Suite 315
Birmingham, AL  35203
(205) 254-3927


**<u>Please Serve Defendant By Certified Mail At</u>:**

Ford Motor Company
c/o Agent for Process
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109