# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **LINDA J. HUGHES, as the Personal Representative of the Estate of MICHAEL W. HUGHES, deceased,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 1:07-CV-54-MEF |
| **FORD MOTOR COMPANY,** | ) ) ) | |
| **Defendant.** | ) | |

## ANSWER FOR DEFENDANT
## FORD MOTOR COMPANY

Comes now the Defendant, FORD MOTOR COMPANY, a Corporation, and for Answer to the Complaint of the Plaintiff, states as follows, separately and severally:

### FIRST DEFENSE

The claims of the Plaintiff and each count thereof fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

This Defendant denies each and every material allegation of the Complaint of the Plaintiff and demands strict proof thereof.

## THIRD DEFENSE

This Defendant avers that at the time and place of the accident in question, Plaintiff's decedent was guilty of negligence which directly contributed to cause the accident and injuries in question.

## FOURTH DEFENSE

This Defendant pleads assumption of risk as may be proven by investigation and discovery in this case.

## FIFTH DEFENSE

This Defendant pleads product misuse as may be proven by investigation and discovery in this case.

## SIXTH DEFENSE

This Defendant pleads intervening, efficient cause between the time the vehicle left the hands of this Defendant and the time of the accident in question as may be proven by investigation and discovery in this case.

## SEVENTH DEFENSE

This Defendant avers that the Plaintiff lacks standing to institute this death action in behalf of the decedent.

**EIGHTH DEFENSE**

As concerns all claims for breach of warranty, express and implied, this Defendant states that under the substantive laws of the State of Alabama, there is no viable breach of warranty claim for wrongful death.

**NINTH DEFENSE**

This Defendant pleads Federal preemption, express and/or implied, regarding all or portions of the Plaintiff's claim as may be proven by investigation and discovery in this case.

**TENTH DEFENSE**

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama.  This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with

sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

**ELEVENTH DEFENSE**

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

**TWELFTH DEFENSE**

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

**THIRTEENTH DEFENSE**

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this

Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### FOURTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by *State Farm Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (April 7, 2003).

### FIFTEENTH DEFENSE

Unless this Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the Untied States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of

an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

### EIGHTEENTH DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states

other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

### NINETEENTH DEFENSE

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of this Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of this Defendant in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

### TWENTIETH DEFENSE

The law of Michigan applies to punitive damages. Pursuant to that law, no punitive damages can be awarded.

Respectfully submitted,

s/De Martenson
s/David L. Brown, Jr.

<207>
<208>

<209>

<210>
<211>
<212>
Case 1:07-cv-00054-MEF-CSC    Document 4    Filed 02/02/2007    Page 9 of 10
</213>

OF COUNSEL:
Huie, Fernambucq & Stewart, LLP
Three Protective Center - Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484
Telephone:   (205) 251-1193
Facsimile:    (205) 251-1256
E-Mail:      dm@hfsllp.com
             dlb@hfsllp.com


Attorneys for Defendant,
FORD MOTOR COMPANY.


TRIAL COUNSEL: De Martenson
               David L. Brown, Jr.


This Defendant hereby demands a trial by struck jury in this cause.

                                                 s/De Martenson
                                                 Of Counsel


**CERTIFICATE OF SERVICE**

I hereby certify on this the 2nd day of February, 2007, that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and that I have also mailed a copy of the foregoing to the following:

        D. Bruce Petway, Esquire
        Lucas, Petway, Tucker & Wash, P.C.
        Two Chase Corporate Drive
        Suite 460
        Birmingham, AL   35224

<214>

J. Stuart McAtee, Esquire
Lewis & McAtee, P.C.
205 20th Street North
Suite 315
Birmingham, AL   35203

                                        s/De Martenson
                                        Of Counsel

                                                                1101967