IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA J. HUGHES, as the Personal Representative of the Estate of MICHAEL W. HUGHES, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CASE NO. 1:07-cv-54-MEF ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

## **ORDER**

Linda J. Hughes ("Plaintiff") filed the present complaint as the personal representative of the Estate of Michael W. Hughes, her deceased son. At the time the lawsuit was filed, Hughes was represented by counsel. Subsequently, counsel for Plaintiff filed a motion to withdraw as counsel, which this Court granted after holding a hearing on the matter. After the hearing, the Court entered an Order (Doc. #20) setting a deadline of December 3, 2007 for the appearance of new counsel for Plaintiff. As of the date of this Order, no attorney has filed a notice of appearance on behalf of Plaintiff.

This Court previously suggested that it would proceed with a hearing on the Defendant's Motion to Enforce Settlement Agreement (Doc. # 16) on January 3, 2008, whether or not Plaintiff obtained new counsel. Upon further reflect, the Court now finds that this hearing cannot proceed unless Plaintiff obtains counsel. The statute permitting *pro se* appearances in federal court applies only to those parties conducting their own cases and not

to those parties who seek to represent the interests of others. *See* 28 U.S.C. § 1654; *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576 (11th Cir. 1997); *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries and creditors other than the litigant."). Thus, Plaintiff must obtain counsel in order to continue with the prosecution of this matter.

Accordingly it is hereby ORDERED as follows:

1. On or before **January 28, 2008**, Plaintiff shall have an attorney enter a notice of appearance in this case.

2. Plaintiff is advised that failure to have an attorney enter a notice of appearance by January 28, 2008 may cause this action be DISMISSED without prejudice for failure to appear through counsel.

3. Given that Plaintiff cannot appear without counsel at the January 3, 2008 hearing on the Defendant's Motion to Enforce Settlement, that hearing is CONTINUED to **January 30, 2008** at 10:00 a.m. in the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama. Plaintiff and her new attorney shall appear at that hearing prepared to address the Defendant's Motion to Enforce Settlement.

Done this the 27th day of December, 2007.

                                          /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE